# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MATTHEW WASHINGTON, )
)
    Plaintiff, )
)
v. ) Case No. CV415-005
)
CHATHAM COUNTY )
POLICE DEPARTMENT, )
)
    Defendant. )

## REPORT AND RECOMMENDATION

Matthew Washington is a serial litigator enjoined by this Court from filing any more civil lawsuits absent "a $1,500 contempt bond." *Washington v. Alaimo*, 934 F. Supp. 1395, 1400 (S.D. Ga. 1996) (imposing Fed. R. Civ. P. 11 sanctions, including the litigation bond, in response to Washington's vexatious filings and his infamous "motion to kiss my ass"). Last year, this Court dismissed one of Washington's complaints for violating that injunction. *Washington v. West*, CV614-024, doc. 5 (S.D. Ga. May 6, 2014).[1] Washington has now filed yet another 42 U.S.C. §

---

[1] Washington filed an earlier iteration of that case, *Washington v. West*, CV613-096, doc. 5 (S.D. Ga. Oct. 24, 2013), but the Court approved his request for its voluntary dismissal. He also has filed, *inter alia*, a "Motion For Reconsideration" in the *Alaimo* case, CV695-104, where he basically asks the district judge to vacate the contempt bond: "I was wrong but I request that this court not make [the bond permanent] because I have learned not to play with courts like that." Doc. 58 (filed Jan. 30, 2015).

1983 case without satisfying the bond requirement. Doc. 1. This time, he sues the very police department that he victimized in 1976 by murdering one of its officers, Alex Hodgson. *Alaimo*, 934 F. Supp. at 1396-97 (noting that the state court sentenced Washington to life imprisonment for murdering a police officer and three ten-year terms for the aggravated assault of other officers, with all sentences to run concurrently). In his latest suit, he cites no valid legal grounds for relief and otherwise advances mere conclusions.[2]

*Alaimo* enjoined Washington from "filing a lawsuit in this or any other federal district court unless" he first posted a $1,500 "contempt bond," which would be returned to him at the conclusion of the case if he complied with Fed. R. Civ. P. 11. *Alaimo*, 934 F. Supp. at 1400. At that time, Washington had an inmate account balance of $17,017.80 and continued to receive large disability checks from the Treasury. *Id.* at n. 2. The Court noted that Washington could move "to alter the bond

---

[2] Doc. 1 at 5 (claiming that he is "a victim of psychiatric abuse and persecution: [sic] and cruel and unusual punishment."). The only named defendant is a police department that lacks the legal capacity to be sued. *Johnson v. Savannah Chatham Metro. Police Dep't*, 2010 WL 4790911 at * 2 (S.D. Ga. Oct. 19, 2010) (citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)).

2

requirements if his disability checks permanently cease." *Id.* While Washington has not sought relief from the bond requirement here, he has furnished a statement from prison officials certifying that he had no deposits to his inmate account during the prior 6 months and had a "0" average monthly balance for that period. Doc. 4. The Court granted him leave to proceed *in forma pauperis* based on his zero prison account balance and his insistence that he has no funds on deposit with any bank or financial institution (even though he admitted to receiving monthly "VA" payments of $184.49 at some time within the past year). Doc 2 at 2.

As this Court is not empowered to impose any prospective filing restriction that completely closes the courthouse door to a vexatious litigant, *Miller v. Donald*, 541 F.3d 1091, 1097-99 (11th Cir. 2008), the contempt bond may not be enforced if Washington is penniless and without any means to pay it. The Court assumes, based on his IFP application, that Washington's financial circumstances have changed and that he now has insufficient funds to pay either the filing fee or the contempt bond. Because Washington is subject to the strictures of 28 U.S.C. § 1915A and 42 U.S.C. § 1997e *whether or not* he is a pauper, the

Court finds it unnecessary to expend any further time and resources on the question of whether he has some secret cash hoard and, therefore, is in fact capable of paying the $1,500 contempt bond. *See Alaimo*, 934 F. Supp. at 1400 n. 5 (noting that the (then) recently enacted Prison Litigation Reform Act would soon require that courts conduct a frivolity review of *all* prisoner complaints, not just IFP complaints); *see infra* at 8, n. 6.

Although Washington's latest suit may not be subject to the *Alaimo* injunction if he is a pauper, it nevertheless must be dismissed. The Prison Litigation Reform Act ("PLRA"), enacted in 1996, includes the "three strikes" provision in 28 U.S.C. § 1915(g). Under that provision a prisoner may not proceed with a civil action (or appeal) under § 1915 if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless* the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (emphasis added); *Wright v. Polk County*, 556 F. App'x 873, 874-75 (11th

Cir. 2014) (upholding § 1915(g) dismissal upon three strikes and plaintiff's failure to pay the fee when he initiated his lawsuit). Washington had two post-PLRA strikes before he even filed this latest case (which, by the way, also counts as a strike). *See West*, CV614-024 doc. 6 (dismissal with prejudice); doc. 11 (appellate dismissal of that case on abandonment grounds). And he had already racked up more than three strike-level cases by 1996.[3] *Alaimo*, 934 F. Supp. at 1397-99 (collecting cases). Nor does he plead any "imminent danger" facts to overcome the § 1915(g) bar. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). Hence, this case is barred by § 1915(g).

His suit against the "Chatham County Police Department" is also legally insufficient and, therefore, subject to dismissal under § 1915A. As the Eleventh Circuit has held, a Georgia county police department is not a "legal entity" subject to suit under 42 U.S.C. § 1983. *Lovelace v. DeKalb Cent. Probation*, 144 F. App'x 793, 795 (11th Cir. 2005). Because

---

[3] "The three strikes rule in 28 U.S.C. § 1915(g) applies to pre-PLRA cases." *Anderson v. United States*, 2014 WL 2625194 at * 1 (M.D. Fla. June 12, 2014) (citing *Rivera v. Allin*, 144 F.3d 719, 732 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). Baseless appeals also count as strikes. *Boney v. Hickey*, 2014 WL 4103918 at * 4 (S.D. Fla. Aug. 15, 2014).

Washington has not named a proper party defendant, and because his conclusory allegations do not meet the pleading standard of Fed. R. Civ. P. 8,[4] his complaint fails to state a claim for relief.

Washington is clearly an abusive litigant who has consumed a disproportionate share of this Court's resources. In addition to his prior litigation abuse (and the instant vexatious complaint), Washington has recently launched a frivolously successive 28 U.S.C. § 2254 filing, *Washington v. Holt*, CV415-019, doc. 4 (S.D. Ga. Mar. 23, 2015), and another demonstrably frivolous § 1983 case against a sitting state court judge and Georgia's Board of Pardons and Paroles. *Washington v. Karpf*, CV415-068, doc. 1 at 6 (S.D. Ga. Mar. 16, 2015) (he sues them for "racial hate and discriminations" exhibited by their failure to release him on parole). The Court therefore should apply to his future filings the following post-*Miller* remedy, as recently imposed against other vexatious filers, to curb further abuse, conserve judicial resources needed for other litigants, and yet still provide meaningful court access:

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (while Rule 8 does not require "'detailed factual allegations,'" it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

1. First, Washington is enjoined from bringing any civil actions *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 in this or any other federal district court, *except* he may bring a civil action asserting that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

2. As to any civil actions sought to be commenced IFP by Washington after this date, the Clerk shall receive the papers, open a miscellaneous file for tracking purposes, and forward the papers to the presiding judge in this case for screening under § 1915(g).[5] Only if the complaint alleges a *plausible* claim that he is in imminent danger of serious physical harm will the court allow the complaint to be filed. IFP complaints that fail to assert an imminent danger claim, or that merely incant the phrase "imminent danger" without making a colorable showing that plaintiff faces an actual threat of such harm, will be dismissed *without any further judicial action* after 30 days from the date the complaint is received by the Clerk unless the Court orders otherwise. This automatic dismissal of claims that do not pass muster under § 1915(g) "will reduce the burden of paper-moving and explanation-writing,

---

[5] Unless the Court orders otherwise, all future Washington filings will be docketed under that miscellaneous case number.

conserving a little judicial time for litigants who deserve attention." *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997) (Easterbrook, J.).

Thus, although the Court will read and consider any future complaint that Washington endeavors to file IFP, it will not necessarily enter an order addressing that complaint. If no order is forthcoming, then 30 days after the complaint's receipt the Clerk shall, without awaiting any further direction, notify Washington that his request for IFP status has been denied and that his case has been dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).[6] The Clerk shall not docket any further motions or papers in that case except for a notice of appeal.[7] If a notice of appeal is filed, the Clerk shall forward a copy of this Order, the notice of appeal, and the dismissed complaint to the Court of Appeals.

---

[6] Any cases dismissed in this manner may be resubmitted for filing *provided* Washington pays the filing fee. The Clerk shall use the attached Notice when communicating with Washington. So long as Washington remains in prison, any fee-paid cases, or cases alleging imminent harm, will be subject to the same screening under the miscellaneous case number pursuant to 28 U.S.C. § 1915A (courts must screen all prisoner complaints seeking redress from a government entity or official and dismiss claims that are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

[7] Any papers other than a notice of appeal shall be returned to Washington unfiled.

3. To ensure that all future Washington pleadings are properly consolidated for review, the Clerk shall personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future Washington complaints are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office received and docketed the papers.

4. Washington may file a motion to modify or rescind the order imposing these restrictions no earlier than two years from the date of its entry.

5. These filing restrictions do not apply to any criminal case in which Washington is named as a defendant, or to any proper application for a writ of habeas corpus.

6. A copy of the order imposing these restrictions shall be forwarded to each judicial officer in this District.

Washington's present complaint should be dismissed without prejudice to his right to resubmit the complaint accompanied by the full filing fee. All future civil actions sought to be filed by Washington

shall be subject to these restrictions. *See Robbins v. Universal Music Group*, 2015 WL 171443 (S.D. Ga. Jan. 13, 2015); *Finch-Grant v. Lang*, 2014 WL 3888124 (S.D. Ga. Aug. 6, 2014), *adopted*, 2014 WL 4385716 (S.D.Ga. Sept. 4, 2014).

**SO REPORTED AND RECOMMENDED** this  28th  day of April, 2015.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

IN RE: MATTHEW WASHINGTON ) Case No. MC_____
)
)

## NOTICE

**TAKE NOTICE** that the complaint that you filed *in forma pauperis* on _____ has been **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and this Court's Order of _____. The complaint, a copy of which is attached hereto, has been docketed in the captioned miscellaneous case file -- document number ____. No further action will be taken on the complaint. The complaint may be resubmitted for filing with the payment of the full filing fee.

SCOTT L. POFF, Clerk

By: _____
  Deputy Clerk

Date: _____